UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMENDED COMPLAINT
42 USC 1983
42 USC 2000
~~18-CV-3570~~(PKC)
18-CV-6494

JOSEPH Hayon, Plaintiff
18R0325

-against-

ANTHONY J ANNUCCI, Acting Commissioner
JOHN DOE (1-20), Employees of NYS DOCCS
C. KARSON, Ulster Deputy Superintendent of Programs
C. Loarca, Ulster Supervision Offender Rehabilitation Coordinator
L. Esposito, Ulster Supervising Offender Rehabilitation Coordinator
SUSAN R KICKBUSH, Gowanda Superintendent
JOHN DOE, Gowanda Captain
JOHN KOLPACK, Gowanda Lieutenant
JOHN DOE, Gowanda Sergeant
S. NEDICEYUVA, Gowanda Officer
JOHN DOE(1-10) & Gowanda Treatment Team
JANE GREENE, Gowanda Counselor

Defendants

UNITED STATES DISTRICT COURT
FILED
JUL 18 2018
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

Joseph Hayon, Plaintiff, declares under penalty of perjury the following statements:

1) I am the Plaintiff in this matter and a prisoner ~~of New York State At all times I was incarcerated~~ of New York State. At all times I was incarcerated under the direction of New York State Department of Corrections and Community Supervision ("DOCCS"). I am currently in Gowanda Correctional Facility

("Gowanda C.F.") P.O. Box 311, Gowanda, NY 14070.

2) Defendant Anthony J. Annucci is the acting commissioner ~~of DOCCS~~ of DOCCS located at 1220 Washington Ave, Albany, NY 12226. I am suing him in his individual and official capacity.

3) JOHN DOE (1-20) are employees of DOCCS and/or employees of Ulster Correctional Facility ("Ulster C.F."), Gowanda C.F., Lakeview Correctional Facility ("Lakeview C.F."), or any correctional facility under the direction of DOCCS who create or implement decisions for the Kosher menu or the Shock Incarceration Program ("Shock") (COR 865-866, Title 7 NYCRR 1800). I am suing them in their individual and official capacities with regards to the Kosher menu, religious discrimination and

anything arising from the Kosher menu (like oatmeal for Saturday breakfast). I am suing them in their official capacities with regards to the SHOCK desicions.

4) Defendent C. Karson is/was the Ulster Deputy Superintendent of Programs. I am suing said person in the official capacity only

5) Defendent C. Loarca is/was the Ulster Supervision Offender Rehabilitation Coordinator. I am suing said person in the official capacity only.

6) Defendent L. Esposito is/was the Ulster Supervising Offender Rehabilitation Coordinator. I am suing said person in the official capacity only.

7) Defendents C. Karson, C. Loarca, and L. Esposito (Collectively "Ulster Staff") were employed at Ulster C.F.

P.O. Box 800, Napanoch, NY 12458 during my incarceration at Ulster C.F. from 2/13/18 - 3/19/18.

8) Susan R Kickbush is the Superintendent of Gowanda C.F. I am suing her in her individual and official capacity.

9) Defendant John Doe, Gowanda Captain is the person who reviewed all the appeals for the Tier II hearings decided on 5/24/18, 6/12/18 and 6/13/18. I am suing ~~h~~ in the captains individual and official capacity.

10) Defendant John Kolpack, Gowanda Lieutenant is the person who conducted said Tier II hearings. I do not know his first name. I am suing him in his individual and official capacity.

11) Defendant John Doe, Gowanda Sergeant is the person

who was employed at Gowanda C.F. on 6/5/18, the 7am-3pm shift, area sgt. for the DE2 dorm. I am suing him in his individual capacity only.

12) Defendant S. Nediceyuva, Gowanda Officer, is the person who wrote the 6/5/18 misbehavior report that resulted in one of the said Tier II hearings. I am suing him in his individual capacity only.

13) Defendants John Doe, Gowanda Treatment Team, are the individuals who have any influence in evaluating my SOP treatment review. I am suing them in their official capacities only.

14) Defendant Jane Greene is my counselor. I do not know her first name. I am suing her in her official capacity only.

15) Defendants Susan R. Kickbush, John Doe - Gowanda Captain, John Kolpak, John Doe - Gowanda Sergeant, ("Gowanda Officers") S. Mediceyura, John Doe - Gowanda Treatment Team and Jane Greene (collectively "Gowanda Staff") are employed at Gowanda C.F. P.O. Box 350, Gowanda, NY 14070.

16) This action arises pursuant to 42 USC Section 1983 and 42 USC Section 2000 (RLUIPA). This Court has jurisdiction pursuant to 28 USC Section 1331 and 28 USC Section 1391(b), 1343(a) and 2201

17) On 6/11/18, I mailed out a federal complaint to be filed at the Eastern District. The complaint was poorly written due to the restrictions placed upon me caused by Gowanda Officers. I did not file any other lawsuits with the same facts involved

in this Amended Complaint. Upon information and belief, process has not yet been served and I ask this Court to accept this Amended Complaint, and remove Gowanda Correctional Facility and SHU officers as Defendants.

## EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES.

18) As a matter of law, there were no administrative remedies available at Gowanda C.F., and Ulster C.F. There was limited administrative remedies available at Altona Correctional Facility ("Altona C.F.")

## AS TO THE FIRST REASON.

19) Upon information and belief, On or around 5/23/18, I.G.R.C at Ulster sent grievances ULS-3352-18 and ULS-3354-18 to CORC. Alternatively, I.G.R.C. at Ulter C.F. ignored my mail. It has been more than 45 days and CORC did not respond in violation of Directive 4040.

20) On 4/23/18, I.G.R.C at Altona C.F. sent grievance ALT-4523-18 to CORC. for an appeal. To this day, I still don't have a decision.

21) CORC's failure to timely respond to grievance appeals makes that part of the grievance process unavailable. Accordingly, once any of my grievances are decided by the superindendent of the relevant correctional facility, I have exhausted all available remedies. (Rodriguez v Repports 14-CV-671, (2016)

AS TO THE SECOND REASON.

22) On 2/18/18, I submitted a grievance into the box designated for grievances at Ulster C.F. On 2/25/18, I was served milk in a non-kosher cup. The grievance submitted was about the kosher meal. Upon information

and belief, I was given the milk in retaliation for filing the 2/18/18 grievance.

23) At Gowanda C.F. on 5/9/18, I was not given 20 minutes to eat breakfast as stated in the Facility Operations Manuel (FOM). I ~~filed~~ submitted ~~a~~ grievence GWD-13970-18 the same day. On 5/11/18, ~~Officer~~ Defendant Nediceyuva retaliated against me by making me eat alone while other inmates wait standing and by writing a misbehavior report. On 5/28/18, I submitted grievence GWD-13989-18 stating that ~~Officer~~ Defendant Nediceyuva retaliated and then on 6/5/18, Defendant wrote a false misbehavior report.

24) Ulster C.F and Gowanda C.F. used intimidation to prevent me from filing grievances making the

entire grievance remedy unavailable. (Ross v Blake 136 S. Ct. 1850 (2016))

## AS TO THE THIRD REASON

25) IGRC at Ulster C.F. never responded to the 2/18/18 grievance. I filed at least 11 grievances, and Ulster C.F. only responded to three of them. I ~~appeal~~ timely appealled every grievance at Ulster.

26) On 6/14/18 and 6/20/18, I submitted a grievance alleging retaliation by Defendant Mediceyuva by placing the sealed envelope addressed to IGRC under my Special Housing Unit ("SHU") door in accordance to Directive 4040 as directed by the SHU officers. Said grievances were never submitted by the 11am-7pm SHU officer.

27) Since my grievances were never processed, the remedies were not available. Although I chose to resubmit grievances, Directive 4040, does ~~doe~~ not provide any direction how to "appeal" a grievance that was never filed, making an unfiled grievance prohibitively opaque. (Williams v Correction Officer Priatno 829 F3d 118 (2d Cir 2016))

AS TO THE FOURTH REASON

28) The grievance process in Gowanda C.F. and Ulster C.F. do not provide any real possibility of relief when employees of correctional facilities deny facts stated by inmates. Absent proof beyond reasonable doubt to support an inmate's testimony, the inmates are never given any credebility. This makes the entire

grievance program function like a kangaroo court.

29) For example, grievance ULS-3355-18, Officer Donnelly lies and says that he spoke to the rabbi on Saturday, but the rabbi never works on Saturday, nor does he use the phone ~~becau~~ on Saturday because he is an Orthodox Jew

30) Grievance GWD-13989-18, ~~Office~~ Defendant Nedicoyuva made me eat alone while the entire dorm is standing. It is very hard to lie when an entire group saw what happened. A real investigation ~~who~~ would ask everyone in the dorm if my allegations are true.

31) Since the grievance system in Ulster C.F. and Gowanda C.F. provide no real possibility of relief due to the lack of due process, the remedies

are unavailable. (Ross v Blake 136 S. Ct. 1850, 2016)

## AS TO THE FIFTH REASON

32) I was also afraid of harm if I complained about the unfiled grievances. On 6/23/18, 11:15am, Inmate Madison from SHU-C36 cell complained. I heard the SHU officers beat him up.

33) Fear of personal harm is also intimidation, making filing any grievances from the SHU in Gowanda C.F. unavailable. I stayed in the SHU from 6/5/18-6/28/18.

## FACTS

34) There are five primary topics asserted in this Amended Complaint. First, all acts of religious discrimination. Second, SHOCK. Third, all acts of retaliation by any Defendants and its domino effect. Fourth

any adverse acts or recomendations by the Gowanda Treatment Team and Jane Greene (collectively "Treatment Team"). Fifth, access to courts.

FACTS- RELIGIOUS DISCRIMINATION

35) I arrived in Ulster C.F. on 2/13/18. I asked for a Kosher meal and I was not provided a Kosher meal for lunch that day. I was not enrolled on the Kosher menu until 2/15/18 lunch.

36) Even while on the Kosher menu, On 2/19/18 Lunch I received non-Kosher cole slaw, and on 2/18/18 lunch, I received yogurt with ground steak. (Orthodox Jews do not eat meat and dairy in one meal.)

37) Around 3/9/18, Ulster C.F. started to follow the Kosher menu. The menu itself in discriminatory and grievance

ALT-4523-18 was filed and appealled to CORC.

38) Altona C.F. and Gowanda C.F. continued to follow the Kosher menu.

39) The Kosher menu serves ~~oa~~ oatmeal that I am not allowed to make on Saturday, due to religious beliefs. ~~A given~~ Grievance GWD-13970-18 mentions this.

40) The Kosher menu also does not provide grape juice and matzo for the Sabbath. Ulster C.F. did provide anyways, but did not allow me to bring them to the dorm after dusk, when I needed those items for ritual services. Altona C.F. provided for Friday night and Saturday lunch, but not for Saturday night. Gowanda C.F. doesn't provide at all, but when I have services, they provide during

services. Still, at Gowanda C.F., services were too early at first, then two weeks there was no grape juice. At all times, I wasn't able to get grape juice at Gowanda for Saturday night rituals (GWD-13989-18).

41) Directive 4202 requires facilitators to have a GED. This put a restrictive and caused me not to have religious services on Friday nights. (ALT-4543-18) As of 7/8/18 Gowanda C.F. does not have a Jewish Facilitator. I intend to apply, but afraid I will be turned down due to this lawsuit. I was an acting rabbi for three months after I was arrested and I have a good backround in Jewish laws and customs. I now have proof of my college degree.

42) The Kosher menu provides chicken deli just twice per week, while the non-kosher menu provides meat, chicken, or fish 10-12 times per week.

43) The commissary buy sheet does not provide Kosher symbols. Altona C.F. added Kosher symbols at my request. Rabbi Frank at Ulster C.F. said he would accomodate, but I was transfered. Gowanda C.F. refused.

44) The SHU does not provide a disposable cup for ritual washing. I am also not allowed to pray or wear Tefillin in a bathroom. It does not provide religious head covering ~~a~~ and Talit Kattan within 24 hrs.

45) The Kosher menu provides food which are not sealed with a Kosher symbol. Examples are eggs, bagels, ~~e~~ cut vegetables, etc.

46) I am Sephardic. I use ~~challa~~ water challah rolls instead of matzo. I explained this to rabbi Greenberg in Gowanda C.F.

## FACTS-SHOCK

47) Before 2/13/18, while on Rikers Island, I saw a pamphlet stating which crimes are excluded from SHOCK. Among the disqualifications was "any person convicted of a sex offense under Article 130".

48) ~~[illegible]~~ Between 2/13/18 and 2/21/18, I met with my counselor in Ulster C.F. I told him that I wanted to go to SHOCK. He said I wasn't ~~qualified~~ eligible. I told him that since my crime is not violent and is not a sex offense under Article 130, I should be eligible.

49) Between 2/21/18 and 2/21/18, I went to Ulster C.F. law library to learn that under NY statue, laws and DOCCS Directive, I was eligible to apply for SHock.

50) I wrote two letters to Defendant C. Loarca, and she sent me in a circle, telling me to talk to my counselor.

51) I filed grievance ULS-3352-18.

52) Upon information and belief, Ulster staff, ~~and~~ Defendant Annucci, and Employees of NYS DOCCS prevented me from cutting my incarceration short by not allowing me to apply for SHock.

## FACTS-RETALIATION

53) On 5/9/18, I wrote agrievance GWD-1399-18 because I

did not get 20 minutes to eat breakfast as required under the FOM. in Gowanda C.F.

54) On 5/11/18, I took about 15 minutes to eat my breakfast, while the rest of the dorm took about 10 minutes.

55) At 10:20 AM, Defendant Nediceyuva retaliated against me by writing a misbehavior report for cross-visiting even though other inmates were cross-visiting and they did not get a misbehavior report. Furthermore, he also lied on the report saying that he warned me when he never warned me.

56) Then at 11:15 AM, Defendant Nediceyuva retaliated against me by ordering me to eat lunch alone while making all the other inmates stand, putting me at

possible harms risk. When I asked him why he did that, he told me because I took too long to eat breakfast.

57) On 5/28/18, I submitted grievance GWD-13989-18 which included Defendant Nediceyuva's retaliations. This grievance was denied by ~~the~~ ~~same~~ defendant Kickbush.

58) On 6/5/18, Defendant Nediceyuva retaliated again by writing a false misbehavior report. First, I was called out of class at around 10:30AM. Defendant Sgt. John Doe was present. When they realized I couldn't be framed because I had a good alibi, I was sent back into class. At 12:30pm, I was called out of my cube and arrested. I

filed GWD-14030-18 when I came out of the SHU, I was never in the rec room that day.

59) Defendant John Doe, Gowanda Sgt knew or should have known that Defendant Nediceyuva was retaliating against me on 6/5/18. Furthermore, Defendant John Doe sent me to the SHU without due process. Since I wasn't accused of a violent violation, I should have never been sent to the SHU before the hearing. As a result, I was unable to produce witnesses or provide other possible defenses and I lost the hearing.

60) Defendant Kolpack is also liable because he had the ability to investigate the retaliation allegations but he was deliberately indifferent. Hearing

recordings will show that Defendant Kolpak also denied me due process when I wasn't allowed to ask Defendant Nediceyuva what I had in my hand, almost as if Kolpack was covering up for Nediceyuva.

61) Defendant John Doe, Captain also showed deliberate indifference since he knew or should have known the retaliation allegations. As the person who reviews hearings, he had an obligation to listen to the recording. Furthermore, in my appeal, I pointe to the exact law in NYCRR which says I am entitled to an ~~dee~~ assistant, and he wrecklessly disregarded all my defenses, including this solid defense. He is therefore liable

for Defendant Nediceyova's 6/5/18 retaliation

62) Defendant Kickbush was notified by Rabbi Greenberg, and through the grievance process. Kickbush denied grievance GWD-13989-18 which alleged Defendant Nediceyuva's 5/11/18 retaliation and requested a facility-wide sensitivity training, showing deliberate indifference.

63) Upon information and belief, there were over 20,000 grievances filed in the last 12 months with many of them retaliation complaints. A review of these complaints will show that Defendant Kickbush allowed a custom of retaliation to continue at Gowanda C.F. (Gonzalez v City of Schenectady 141 F Supp 2d 304, 2001 NDNY).

64) Defendant Kickbush was grossly negligent by not retraining her staff after I asked her ~~to~~ to do so in the grievance. (City of Canton v Harris 489 US 378, 1989).

65) As a consequense of the deliberate indifference and/or retaliation of Gowanda Officers, I had a loss of amenities in my prison living conditions and the loss of the limited liberties enjoyed by me, resulting from my segregated confinement, in that I was generally confined for 22-23 hours ~~in~~ a day in a cell roughly 60 square feet and deprived of most of my personal property (including but not limited to my legal booklet, prayer book, Torah, food, etc.) as well as the ability to work, attend my

rehabilitation program associate with other incarcerated persons, attend law library, religious services, undue damage to familial relationships, deprivation of essential reintegration programming, the stigma of being housed in a "terrorist unit", and a false record that could be used against me at parole hearings. (Kerman v City of New York 374 F3d 93 (2nd Cir 2004)).

66) In addition, I did not get a full breakfast four times per week because I received dry oatmeal without hot water. I had no law library services from 6/5/18-6/15/18 - not even limited. I was not provided a suitable place to pray daily. I was missing some of my property. A poor recomendation was given to Defendant Greene due to these events. I was not given meals-kosher

on 6/6/18 breakfast and lunch, I did not wear my Yalmaka ~~Kit~~ and Tallit Katan for almost 72 hrs. I did not get Kosher meals on 6/28/18 - lunch & dinner and 6/29/18 breakfast. While in the CW2 dorm, I am not getting healthy hot water with my breakfast meals. I lost access to call my lawyers. I developed constipation.

(~~67~~) FACTS - TREATMENT TEAM - 5th AMENDMENT

67) On June 4, 2018, I received an evaluation from Defendant Greene signed by her. The evaluation noted that I don't have support of staff probably due to these grievances. It also noted "significant denials". ~~After~~

68) ~~68~~ During class, ~~I~~ and with permission, I explained to ~~a~~ Defendant Greene that ~~I~~ it isn't fair for

me to be punished for ~~e~~not admitting while I have my conviction pending appeal. I also pointed out that while I never admitted to anything, I also never denied anything. ~~@~~ Defendant Greene did not or was not able to change the score.

69) On 7/6/18, I met with ~~the~~ Defendants Gowanda Treatment Team. So it seems that they did not put me on probation for the grievances, but they did put me on probation for denying things that never happened and refusing to admit the conviction.

FACTS - ACCESS TO COURTS

70) Officers employed at Gowanda have been stealing my mail. Between 5/24/18 - 6/5/18, at least ~~four~~ three tabs (non USPS mail) and one legal mail was stolen. On 6/5/18

at least one legal mail was stolen. On 6/6/18, at least one legal mail was stolen. On 6/14/18 and 6/20/18, mail to IGRC was stolen. My appeal to the 5/24/18 hearing decision was stolen. When IGRC and Tier II appeals are missing it potentially causes me to lose standing in court (in cases where a court may not believe me). I was provided no legal services for ten days straight (6/5/18-6/15/18). Although I put in five requests for law library (that is standard), on 6/28/18, I did not get law library until 7/5/18, and the copy machine happened to be "not working". I have anxiety that my law library slips might get stolen now, I could get another false misbehavior report and sent to the SHU again, losing precious law library

time. I missed a deadline with a divorce proceeding. I have six active cases right now.

## FACTS - OTHER

71) At Gowanda, C.F. Tier II tickets are being issued for Tier I offenses. Inmates should not be hammered for being absent-minded or sleeping.

72) Directive 4423 only permits one 30 minute call per month from a lawyer. This violates our Sixth Amendment.

73) Gowanda C.F. FOM does not prohibit hot water urn while on loss of recreation.

74) On Average, I get about 6 hours of law library per week when I am not in the SHU. This is an insufficient amount of time for me considering that I have six active cases. Also law library does not have a recent edition of the Jailhouse Lawyer book.

# PRAYER FOR RELIEF.

75) I am requesting compensatory damages for religious discrimination from Defendant Annucci, John Doe, Employees of NYS DOCCS, under the First Amendment, 14 Amendment and 42 USC 2000 (RLUIPA) in their individual capacities for all discriminatory acts or inactions from 2/13/18 - current.

76) I am requesting compensatory damages for all acts of retaliation that occurred in Gowanda C.F. in which Gowanda Officers are liable in their individual capacities under the 14th Amendment Equal Protection (I am in the class of grievers) ~~and other federal constitutional and federal statutes.~~ 8th Amendment for cruel and unusual punishment for unquestioned and serious deprivations

of basic human needs unrelated to prison needs with calculated harrassment (Helling v McKinny 509 US 25, 1993), First Amendment and RLUIPA for the time I spent in the SHU, Substantial Due Process (14 Amendment) since ~~d~~ said Defendants acted maliciously and sadistically for the very purpose of causing harm (or was dilleberatelly indifferent), Procedural Due Process (14 Amendment) for putting me in the SHU before the hearing, not allowing an assistant, no access to law library before the hearing, etc. and physycological torture.

77) I am requesting a permanent injuction from Defendants Annucci, NYS DOCCS, and Superintendent Kickbush to provide a non-discriminatory Kosher menu as requested in grievance ALT-4523-18, To post in all draft rooms how a person could request a kosher diet, to implement

Kosher symbols on all commissarry sheets, to have all SHU allow Orthodox Jews to have a disposable cup, a prayer book and Torah, even if it's hard cover, to allow them to bring the prayer book and Tefillin to the yard, to allow an evening recreation for evening prayers, provide religious head coverings and Tallit Kattan within 24 hrs, instructions in SHU manuels how to get a Kosher meal and matzo and grape juice in the weekends.

78) I am requesting a permanent injuction from Defendant Annucci to change Directive 4202 to remove the GED requirement to be a facilitator, to implement paragraph 77 by means of a statewide Directive, to allow more attorney calls in the Directive.

79) I am requesting a permanent injuction from Defendant

Annucci, Ulster Staff, NYC DOCCS to release me from incarceration on the day I would have been released had I successfully completed SHock.

80) I am requesting a temporary injuction from Defendant Kickbush that pending the final order of this case or resolution through mediation, that I am permitted to go to the law library 1pm-4pm Mon-Fri with or without a callout and from 6pm-9pm Sun-Thurs if I am in the SHU.

81) I am requesting a temporary injuction from Kickbush that while I am incarcerated in Gowanda C.F., ~~OS~~ Defendant Nediceyora be removed from any post in the C or D buildings.

82) I am requesting a ~~permanent~~ temporary injuction from Treatment Team

that ~~[illegible]~~ while my criminal conviction is pending appeal that I am not to be penalized for refusing to admit to any offensive behavior.

83) I am requesting a permanent injuction from Defendant Annucci to implement Constitutional policies for situations like mine where we won't have to admit to an offensive behavior pending on appeal.

84) I am requesting a permanent injuction to ORDER Defendant Kickbush to provide sensitivity training for all her staff, Stop issuing Tier II tickets for Tier I ~~of~~ violations, ~~and~~ take hot water urns out of all rec rooms, and place a permanent sign that inmates get 20 minutes to eat chow in all mess Halls.

85) I am requesting that Defendant Annucci be ORDERED

to provide full names for all NYS DOCCS that have the ability to change the Kosher Menu, that made any policy that made me ineligible for SHOCK, that implemented that SHOCK policy, that was present on the 7/6/18 Treatment Team meeting, the full names of all individuals identified in this complaint.

86) I request an order declaring that appealling to the CORC was not an available remedy for the last few years, an order declaring that no remedies were available for me while in Ulster C.F and Gowanda C.F. an ORDER declaring that Defendants were in violation of the US Constitution,

87) I request PUNITIVE damages for the undue length of religous discrimination and the retaliation of at least $10,000,000. for their willful and malicious conduct and deliberate indifference.

88) I also seek damages for the wanton and unnessessary infliction of pain from individual defendants.

89) I also ~~s~~seek damages, injuctive relief, declaratory relief for any Constitutional right or federal laws that I may have missed. ~~[illegible]~~ ~~[illegible]~~ the Jailhouse Lawyer Manel is from 2011.

90) I am requesting an appropiate remedy for any and all damages arising from any of the facts in this ~~complaint~~ Amended Complaint, including damages that did not yet happen but will happen because of the facts in this ~~[illegible]~~ Amended Complaint.

91) I am requesting nominal damages for each cause of action.

92) I request emotional & mental damages only for constipation ~~only~~ and not for the Constitutional damages.

Signed this 9th day of July 2018

[signature]

Joseph Hayon, Pro Se

I declare under penalty of perjury that the foregoing is true and correct.

To the clerk:

Enclosed is a proposed Order, Affidavit in support for the order, with exhibits, and the Amended Complaint. [illegible]

May I also please get any pro se handbook and/or Rulebook so I may properly follow all procedures. I do prefer to have an attorney, but I understand I don't have a right to an attorney. But ~~this~~ the facts and laws of this case is complex. At least is there a way for someone to review future documents before I submit them?

I tried my best to give details in the Amended Complaint. I really need immediate relief. I got additional retaliation tickets last week - which contradict eachother as explained in the end of the Affidavit.

It is hard for me to find a lawyer when the facility keeps taking my phone away or stealing my mail. The lawyers I know do not want to represent me.

Thank you
Joseph Hayon
18R0375

Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070
Joseph Hayen, 18R0375

OWANDA
TIONAL FACILITY
NEOPOST
07/17/2018
US POSTAGE $00

United States District Court Clerk
U.S. Courthouse
2 Niagara Square
Buffalo, NY 14202

PRIORITY® MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com

Label 107R, January 2008